Dear Secretary McKeithen:
We are in receipt of your request for an Attorney General's opinion regarding Act 80 of the 1994 Third Extraordinary Session of the Louisiana Legislature, which provides for the chief of police of the Town of Moreauville to be an appointed position rather than an elected position. The act was approved by Governor Edwards on July 7, 1994 and was precleared by the United States Department of Justice on October 11, 1994, in accordance with the Voting Rights Act of 1965. Meanwhile, qualifying for the office of chief of police in the Town of Moreauville was conducted in July of 1994 and an election was held on October 1, 1994, in which Mr. Scott Lemoine received a majority of the votes cast in the election.
Specifically, you have requested an opinion on the following question:
 Does the enactment and preclearance of Act 80, providing for an appointed chief of police in the Town of Moreauville, preclude the Secretary of State's office from issuing a commission to Mr. Lemoine, or does the office of chief of police of the town become an appointed position only if a vacancy arises in this position during the term or will Act 80 only affect the next regular term of office?
The Secretary of State is the chief election officer of the state, and as such has a ministerial duty to conduct elections and attest commissions. LSA-Const. Art. IV, Sec. 7 (1974). As you are aware, a change with respect to voting may not be implemented unless and until it receives approval by federal authorities. Therefore, due to fact that Act 80 did not receive "preclearance" from the Justice Department until October 11, 1994, after the date of the primary election, it is our opinion that the Secretary of State's office had to perform the ministerial duty of conducting the election in the office of chief of police in the Town of Moreauville. Further, it is our opinion that the Secretary of State has to perform the ministerial duty of attesting to the commission of the winner of the election, Mr. Scott Lemoine.
The remainder of your questions are purely hypothetical and ones which we find may best be decided by a court of competent jurisdiction between the person elect and the person appointed in a quo warranto proceeding, should one be instituted. However, the mayor and the board of aldermen's action of making an appointment in accordance with Act 80 may be satisfactory to all involved, and therefore, no further action may be necessary.
We hope this opinion addresses all of your concerns. If we can be of additional assistance, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL:pb/0383s
Hon. W. Fox McKeithen Secretary of State P.O. Box 94125 Baton Rouge, LA 70804-9125
DATE RECEIVED:
DATE RELEASED:
ANGIE ROGERS LAPLACE ASSISTANT ATTORNEY GENERAL